28 F.3d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arnold STEPP, Plaintiff-Appellant,
v.
Reginald A. WILKINSON; Arthur Tate, Jr.; Paul Thompson,
Lt., Defendants-Appellees.
 No. 94-3182.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1994.
 
 Before: MARTIN, SUHRHEINRICH and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Arnold Stepp, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Stepp sued Wilkinson, the Director of the Ohio Department of Rehabilitation and Corrections; Tate, the Warden at the Southern Ohio Correctional Facility; and Thompson, a corrections officer and chairperson of the Rules Infraction Board (RIB), in their individual and official capacities. Stepp alleged that the defendants violated his Fourteenth Amendment due process rights in connection with a misconduct ticket that he received for manufacturing and dealing a weapon, and based on the manner in which his disciplinary hearing was conducted. Specifically, he complained that the RIB relied on the uncorroborated testimony of an inmate (Fryman) in finding him guilty and that the RIB failed to independently assess Fryman's credibility.
 
 
 3
 The district court granted defendants' summary judgment motion and dismissed the case. On appeal, Stepp continues to argue the merits of his claims. He requests oral argument. The defendants have notified the court that they will not be filing a brief.
 
 
 4
 Initially, it is noted that to the extent Stepp sued the defendants in their official capacity for monetary relief, the defendants are not subject to suit in that capacity under 42 U.S.C. Sec. 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).
 
 
 5
 Upon de novo review, we affirm the district court's grant of summary judgment in favor of the defendants because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 6
 Stepp received all the process that he was due in connection with the charges brought against him and in connection with the RIB hearing. See Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). There was some evidence to support the decision of the RIB. Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455-56 (1985).
 
 
 7
 Accordingly, we deny Stepp's request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.